IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPECTRUM SCIENCES AND SOFTWARE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1366C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and asserts as follows:

1. Denies the allegations contained in paragraph one for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. Denies the allegations contained in paragraph three for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in paragraph four for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies the allegations contained in paragraph five for lack of knowledge or information sufficient to form a belief as to their truth.

6. The allegations contained in paragraph six are

plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegation contained in paragraph seven is a conclusion of law, to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

8. Defendant repeats and reasserts its responses to paragraphs one through five of the complaint.

9. Denies the allegations contained in paragraph nine for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in paragraph ten for lack of knowledge or information sufficient to form a belief as to their truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Denies the allegation contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to its truth.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in paragraph 15 to the extent supported by the Cooperative Research and Development Agreement ("CRADA") cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by paragraph 5.1.1, Appendix A of the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by paragraph 5.1.1, Appendix A of the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegation contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to its truth.

20. Admits the allegations contained in the first sentence

of paragraph 20 to the extent supported by section 7.1 of Appendix A of the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20. Denies the allegation contained in the second sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to its truth.

21. Admits the allegations contained in paragraph 21 to the extent supported by the Final Report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in the first sentence of paragraph 22. Denies the allegations contained in the second sentence of paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in the first sentence of paragraph 24. Admits the allegations contained in the second sentence of paragraph 24 to the extent supported by the "draft RFP specification," the "Final RFP specification," and the solicitations cited, which are the best evidence of their contents; otherwise denies the allegations contained in the

second sentence of paragraph 24.

25. Denies.

26. Denies.

27. Denies.

28. Denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by Section 7.2 of the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Denies.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies.

Denies that plaintiff is entitled to the relief requested in his prayer for relief following paragraph 32 or to any relief whatsoever.

33. The allegation contained in paragraph 33 is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

34. The allegation contained in paragraph 34 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

35. Defendant repeats and reasserts its responses to paragraphs 1 through 5, 9 through 16, and 22 through 31 of the complaint.

36. Denies the allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Admits the allegations contained in paragraph 37 to the extent supported by the unsolicited proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. The allegations contained in the first sentence of paragraph 38 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 38 to the extent supported by the unsolicited proposal cited, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 38. Defendant asserts that the unsolicited proposal also stated that the restriction "does not limit the Government's right to use information contained in the data if obtainable from another source without restriction."

39. The allegation contained in paragraph 39 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

40. Admits the allegation contained in paragraph 40 that the information cited in subparagraphs a through g was contained in plaintiff's Unsolicited Proposal to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies this allegation. The remaining allegations contained in paragraph 40 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42. Denies.

43. Denies the allegation contained in the first sentence of paragraph 43; defendant asserts that on or about March 25, 2003, the Air Force notified plaintiff that it would not accept its proposal because the Air Force had instituted an acquisition program to acquire a "MAC II." Admits the allegation contained in the second sentence of paragraph 43.

44. Denies the allegations contained in the first sentence of paragraph 44; defendant asserts that the draft request for proposal was issued on April 1, 2003, and the final request for proposal was issued on May 14, 2003. Denies the allegations contained in the second sentence of paragraph 44.

45. Denies.

46. Denies.

47. Denies.

Denies that plaintiff is entitled to the relief requested in his prayer for relief following paragraph 47 or to any relief whatsoever.

48. The allegation contained in paragraph 48 is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

49. The allegation contained in paragraph 49 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

50. Defendant repeats and reasserts its responses to paragraphs 1 through 5, 9 through 32, and 36 through 47 of the complaint.

51. Denies.

52. The allegations contained in paragraph 52 are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

53. Denies.

54. Denies that plaintiff is entitled to the relief

requested in its prayer for relief following paragraph 53 or to any relief whatsoever.

55. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

CHUN-I CHIANG
Department of the Air Force
Air Force Legal Services Agency
1501 Wilson Blvd.
Suite 606
Arlington, VA 22209-2403

DECEMBER 6, 2004

## CERTIFICATE OF FILING

I hereby certify that on DECEMBER 6, 2004, a copy of "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore