IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SPECTRUM SCIENCES AND SOFTWARE INC. )
)
Plaintiff, )
)
v. ) No. 04-1366C
) (Judge Allegra)
THE UNITED STATES, )
)
Defendant. )

PLAINTIFF'S PRELIMINARY STATUS REPORT

Pursuant to Plaintiff's Motion for Leave for File Plaintiff's Preliminary Status Report, counsel for plaintiff respectfully submits the following Plaintiff's Preliminary Status Report.

4a. Jurisdiction:

The plaintiff believes that the Court possesses jurisdiction to entertain and to decide this action pursuant to the Tucker Act, 28 U.S.C. § 1491. Defendant is currently unaware of any reason why the Court would not have jurisdiction to entertain and decide this action.

b. Consolidation:

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation:

The parties believe that this case should be bifurcated, and that the issues of liability and damages should be addressed separately.

d. Deferral:

The parties agree that this case should not be deferred pending the resolution of

any other case, or transferred or remanded to another tribunal.

e. Remand/Suspension:

Neither party seeks a remand or suspension at this time.

f. Joinder:

Neither party intends to join additional parties at this time.

g. Dispositive Motions:

Counsel for both parties anticipate that they will file dispositive motions upon the issue of liability. In accordance with paragraph 5 of Appendix A, the parties request that they be allowed to conduct discovery upon the issue of liability until September 30, 2005. Counsel for defendant anticipates that defendant may file a dispositive motion upon the issue of liability before or at the conclusion of discovery. Counsel for plaintiff anticipates that plaintiff will file a motion for summary judgment upon the issue of liability at the conclusion of discovery.

h. Relevant Issues:

Based upon a preliminary review of the case, plaintiff believes the issues to be as follows:

1. Introduction

During the Early Meeting of Counsel discussions, the Government was unwilling or unable to provide Plaintiff's counsel with the Defendant's factual and legal contentions underpinning the Government's Answer to the Complaint as required by the Early Meeting of Counsel obligations contained in RCFC, Appendix A. Accordingly, Plaintiff is unable to identify the relevant factual and legal issues in dispute between the

parties as required in Paragraph 4(h) for the Joint Preliminary Status Report other than the very general statements of the “mixed questions of fact and law” made herein by the Government in this Section h. As Plaintiff reads Appendix A Plaintiff believes that the Defendant’s unwillingness to further identify and discuss Defendant’s factual and legal contentions violates the requirement and purpose of Section 3(b) to narrow the factual and legal issues to be resolved by the Court.

The Government’s unwillingness to provide its legal and factual contentions is compounded by the nature of the general denials contained in its Answer. An example of the lack of specificity in the Answer is that the Government’s answer to several specific factual allegations relating to Defendant’s knowledge and conduct or otherwise readily verifiable facts with only general denials based on it’s “lack of knowledge or information sufficient to form a belief as to the truth” even when such Plaintiff pleaded specific factual allegations directed to specific alleged Governmental actions (Answers to paragraphs 11, 14, 22, 23, 31, 36).

Similarly, the Government has been unwilling to disclose its contentions with regard to important documentation referenced and incorporated into the Complaint other than to reiterate its hedged answers that the Government admits to the allegations to the extent supported by the specific documents cited, but otherwise denies the allegations. While this type of answer may be technically responsive, it provides no insight into the position of the Government on its interpretation of these documents which are central to this lawsuit.

As a result of the Government’s refusal to identify its factual contentions, or to otherwise narrow the relevant factual issues between the parties required by Section

4(h) of the Joint Preliminary Status Report, the Plaintiff will be required to substantially broaden its discovery requests in order to determine the Government's factual and legal position in this case when such positions should be disclosed by the Government in the Joint Preliminary Status Report. Government counsel represented that it was not prepared to respond to Plaintiff's detailed factual contentions because of its inability to ascertain the position of the client agency, the U.S. Air Force, at this early juncture of the case. However, Plaintiff respectfully suggests that the Government has had more than adequate time to identify the factual and legal contentions with the client agency. The Plaintiff filed the Complaint on August 23, 2004, and the Government received a substantial extension of time to answer the Complaint. As a result of this extension and the 49 day period to file the JPSR (also extended two weeks), Government counsel has had over five months to ascertain the factual contentions of the client agency in this case. Accordingly, Plaintiff respectfully believes that Government has not met its obligations under the JPSR process and that the Court should direct the Government to set forth its legal and factual position in writing within 14 days of the Preliminary Scheduling Conference scheduled for February 10, 2005.

In the absence of the Government's providing its factual and legal contentions in the Early Meeting of Counsel and in preparation for this JPSR, Plaintiff cannot identify the legal and factual issues in dispute in this case other than the factual and legal contentions comprehensively stated in its detailed Complaint. Accordingly, for the convenience of the Court, Plaintiff provides a summary of the Plaintiff's factual and legal contentions.

2. Summary of Factual Contentions

In Count I of the Complaint (Breach of Express Agreement), Plaintiff Spectrum contends that it developed and owned trade secrets, proprietary information and intellectual property relating to substantial improvements Spectrum had made to the Munitions Assembly Conveyor ("MAC"), which trade secrets, proprietary information and intellectual property were expressly referenced in, and excepted from, a Cooperative Research Development Agreement ("CRADA") subsequently entered into between Spectrum and the Department of the Air Force. Plaintiff contends that this CRADA expressly provides that such proprietary information previously developed by Spectrum would be protected by the parties and not be disclosed except in conjunction with the performance of the CRADA. Spectrum further contends that without prior notification as required by the CRADA, the Government breached the CRADA and misappropriated the specific proprietary information developed solely by Spectrum prior to executing the CRADA, by disseminating the protected proprietary information in a Draft Request for Proposal and a Final Request for Proposal for the design and production of a MAC. Plaintiff further contends that this breach by the Government has imposed severe financial damage on the Plaintiff.

Similarly, Plaintiff contends in Count II (Breach of Implied In Fact Contract) that the Government's acceptance of an Unsolicited Proposal prepared and presented by Plaintiff, which Unsolicited Proposal contained clearly marked Proprietary Information developed by Spectrum prior to the submission of the proposal to the Government, created an implied in fact contract by which the Government agreed that it would protect such clearly marked proprietary information of Spectrum. Spectrum contends that the

Government breached this Implied In Fact Contract by widely disseminating Spectrum's proprietary information in its draft RFP and Final RFP for the MAC referenced above.

Lastly, in Count III of the Complaint, Plaintiff contends that the Government knowingly delivered and misappropriated Spectrum's trade secrets and proprietary information relating to the MAC. This Count lies in tort arising out of the same basic factual allegations contained in the Breach of Expressed and Implied In Fact Contracts referenced in Count I and Count II of the Complaint.

3. Relevant Legal Issues

Similar to the issues raised above regarding the relevant factual issues, the Plaintiff is unaware of any legal issues that are in dispute between the parties because the Government has been unwilling to discuss the Government's legal contentions in this lawsuit.

Based upon a preliminary review of the case, defendant believes that the following mixed questions of fact and law are at issue in this case, as follows:

1. Whether Spectrum's Unsolicited Proposal submitted to the Department of the Air Force ("Air Force") contained the following alleged trade secrets and proprietary information that was developed by Spectrum before it entered into the Cooperative Research and Development Agreement dated October 14, 2000 ("CRADA") with the Air Force:

a. modification of the gantry to upgrade to a 6,000 pounds load limit;

b. the dolly brakes on the rail conveyor;

c. improvements to the air handling system including the interface control

board to increase electrical power, and 3/4 inch airlines throughout to enhance pneumatic operations;

d. modification to the rail conveyor to allow proper torque of bombs;

e. the development of an electric hoist with powered trolley;

f. a working table utilizing attachments to shipping contained lid; and

g. a new lighting system.

2. Whether Spectrum's Unsolicited Proposal submitted to the Air Force contained the following alleged trade secrets and proprietary information that was developed by Spectrum after the completion of the CRADA:

a. rail conveyor dolly; and

b. tool holding tray

3. Whether the Air Force breached the CRADA by issuing the draft and Final Request for Proposals ("RFP") to third parties;

4. Whether the Air Force breached the CRADA by allowing a contractor to view prototype products developed by Spectrum;

5. Whether the Air Force breached any contractual obligation with regard to Spectrum's Unsolicited Proposal not to disclose trade secrets or proprietary information contained therein; and

6. Assuming that the Air Force breached the CRADA, or a contractual obligation with regard to Spectrum's Unsolicited Proposal, whether Spectrum suffered monetary damages and, if so, in what amount.

Defendant believes the material issue of law is as follows:

Whether the parties entered into an implied-in-fact contract when Spectrum

submitted its Unsolicited Proposal to the Air Force, which imposed upon the Air Force an obligation to maintain the confidentiality of any alleged trade secrets and proprietary information contained in the Unsolicited Proposal.

i. Settlement:

The parties will explore the possibility of settlement, if appropriate, as discovery in this case progresses and each party has more complete information regarding the facts of this case.

The parties reserve their right to request a full evidentiary trial of this matter and do not request an arbitration, mediation, or paper trial at this time. The parties will continue to consider these alternatives to litigation throughout the course of these proceedings and will promptly advise the Court of any further developments.

j. Trial:

The parties anticipate that a trial will be necessary in the event that this case is not resolved through dispositive motions and/or settlement. The parties request that they be allowed to file status reports 30 days after the close of discovery regarding the necessity for trial.

k. Electronic Case Management Needs:

The parties recognize that this is an electronically-managed case and intend to file all documents in accordance with the Court's procedures for electronic filings.

l. Additional Information:

The parties are not aware of any additional information of which the Court should be made aware of at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

TERRANCE R. KETCHEL
Terrance R. Ketchel, P.A.
126 NE Eglin Parkway
Fort Walton Beach, FL 32548
Tele: (850) 664-2705
Fax: (850) 664-7933

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorney for Plaintiff Attorneys for Defendant

Dated: ________________ Dated: ____________________