IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPECTRUM SCIENCES AND SOFTWARE INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1366C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Court's order dated February 9, 2005,[1] and Appendix A of the rules of the United States Court of Federal Claims, counsel for plaintiff and defendant respectfully submit the following joint preliminary status report.

4a. Jurisdiction:

The plaintiff believes that the Court possesses jurisdiction to entertain and to decide this action pursuant to the Tucker Act, 28 U.S.C. § 1491. Defendant is currently unaware of any reason why the Court would not have jurisdiction to entertain and decide this action.

b. Consolidation:

The parties agree that this case should not be consolidated with any other case.

[1] Although the Court's order requires the parties to "file a JOINT status report which, to the extent necessary, sets forth their differing views on the points to be covered," the Court's law clerk has informed undersigned counsel for defendant that the Court desires the parties to file a joint preliminary status report, to include any differences in views.

c. Bifurcation:

The parties believe that this case should be bifurcated, and that the issues of liability and damages should be addressed separately.

d. Deferral:

The parties agree that this case should not be deferred pending the resolution of any other case, or transferred or remanded to another tribunal.

e. Remand/Suspension:

Neither party seeks a remand or suspension at this time.

f. Joinder:

Neither party intends to join additional parties at this time.

g. Dispositive Motions:

Counsel for both parties anticipate that they will file dispositive motions upon the issue of liability. Counsel for defendant anticipates that defendant will file a motion for summary judgment by March 31, 2005. Should the Government's motion be denied, defendant anticipates limited discovery upon the issue of liability, and possibly, the issue of damages, as necessary. Defendant requests that it be allowed to file a status report regarding the need for discovery, and for how long, should the Court deny the Government's motion for summary judgment.

Counsel for plaintiff anticipates that plaintiff will file a motion for summary judgment upon the issue of liability at the conclusion of limited discovery, with additional discovery anticipated following the summary judgment rulings, and upon the issue of damages at the appropriate stage in the proceedings.

h. Relevant Issues:

Based upon our preliminary review of the case, plaintiff believes that the following relevant issues of fact in this case are as follows:

1. Whether the Government disclosed Proprietary Information developed by Spectrum prior to the Cooperative Research Development Agreement ("CRADA") as described in Paragraph 5.1.1 of Appendix A of the CRADA in the Draft Request for Proposal for the design and production of a Munitions Assembly Conveyor ("MAC"), Solicitation No. F08635-3-R-0077;

2. Whether the Government disclosed Proprietary Information described in Paragraph 5.1.1 of Appendix A of the CRADA in the Final RFP for the design and production of a MAC, Solicitation No. F08635-3-R-0077;

3. Whether the Government disclosed Proprietary Information as described in Paragraph 5.1.1 of Appendix A of the CRADA when the Government allowed a private contractor competitor of

Spectrum to view prototype elements of the MAC designed and manufactured by Spectrum prior to entering into the CRADA. Such disclosure occurred prior to the award to the MAC contract;

4. Whether their was a disclosure of Spectrum's Proprietary Information as described in Paragraph 5.1.1 of Appendix A of the CRADA when retired USAF personnel, who worked directly on the Spectrum CRADA project while employed by the Government and were subsequently employed by Spectrum competitors during the bidding process, disclosed Spectrum's Proprietary Information during preparation of competitors' proposals in response to the MAC Solicitation No. F08635-3-R-0077;

5. Whether the Government disclosed Spectrum's Proprietary Information developed by Spectrum under the CRADA in the Draft Request for Proposal for the design and production of a MAC, Solicitation No. F08635-3-R-0077;

6. Whether the Government disclosed Spectrum's Proprietary Information developed by Spectrum under the CRADA in the Final RFP for the design and production of a MAC, Solicitation No. F08635-3-R-0077;

7. Whether the Government disclosed Spectrum's Proprietary Information developed by Spectrum under the CRADA when the Government allowed a private contractor competitor of Spectrum to view prototype elements of the MAC designed and manufactured by Spectrum prior to entering into the CRADA. Such disclosure

occurred prior to the award to the MAC contract;

8. Whether there was a disclosure of Spectrum's Proprietary Information under the CRADA when retired USAF personnel, who worked directly on the Spectrum CRADA project while employed by the Government and were subsequently employed by Spectrum competitors during the bidding process, disclosed Spectrum's Proprietary Information during preparation of competitors' proposals in response to the MAC Solicitation No. F08635-3-R-0077;

9. Whether the Government disclosed Spectrum's Proprietary Information contained in the Unsolicited Proposal in the Draft Request for Proposal for the design and production of a MAC, Solicitation No. F08635-3-R-0077;

10. Whether the Government disclosed Spectrum's Proprietary Information contained in the Unsolicited Proposal in the Final RFP for the design and production of a MAC Solicitation No. F08635-3-R-0077;

11. Whether the Government disclosed Spectrum's Proprietary Information contained in the Unsolicited Proposal when the Government allowed a private contractor competitor of Spectrum to view proprietary prototype elements of the MAC; and

12. Whether there was a disclosure of Spectrum's Proprietary Information contained in the Unsolicited Proposal when retired USAF personnel, who worked directly on the Spectrum CRADA project

while employed by the Government and were subsequently employed by Spectrum competitors during the bidding process, disclosed Spectrum's Proprietary Information during preparation of competitors' proposals in response to the MAC Solicitation No. F08635-3-R-0077.

Based upon our preliminary review of the case, plaintiff believes that the following relevant issues of law in this case are as follows:

1. Whether the Government breached the CRADA by the disclosures referenced above;

2. Whether the Government breached the implied contract in fact created by the Government's acceptance of the Unsolicited Proposal by the disclosures referenced above; and

3. Whether the Government knowingly, deliberately and improperly misappropriated Spectrum's trade secrets and proprietary information relating to the MAC and the CRADA.

Based upon a preliminary review of the case, defendant believes that the following questions of law are at issue in this case, as follows:

1. Whether the proprietary information described in paragraph 5.1.1 of the CRADA, Appendix A, was divulged in the draft request for proposal;

2. Whether the proprietary information described in paragraph 5.1.1 of the CRADA, Appendix A, was divulged in the

final request for proposal;

3. Whether any proprietary information developed by Spectrum under the CRADA was divulged in the draft request for proposal;

4. Whether any proprietary information developed by Spectrum under the CRADA was divulged in the final request for proposal;

5. Whether any proprietary information developed by Spectrum after the CRADA was divulged in the draft request for proposal;

6. Whether any proprietary information developed by Spectrum after the CRADA was divulged in the final request for proposal; and

7. Whether the Air Force breached the CRADA by allowing a contractor to view products provided by Spectrum to the Air Force.

Defendant believes the material issue of fact to be as follows:

1. Assuming that the Air Force breached the CRADA, whether Spectrum suffered monetary damages and, if so, in what amount.

i. <u>Settlement</u>:

The parties will explore the possibility of settlement, if appropriate, as this case progresses and each party has more complete information regarding the facts of this case.

The parties reserve their right to request a full evidentiary trial of this matter and do not request an arbitration, mediation, or paper trial at this time. The parties will continue to consider these alternatives to litigation throughout the course of these proceedings and will promptly advise the Court of any further developments.

j. Trial:

The parties anticipate that a trial will be necessary in the event that this case is not resolved through dispositive motions and/or settlement. The parties request that they be allowed to file status reports 30 days after the close of discovery regarding the necessity for trial.

k. Electronic Case Management Needs:

The parties recognize that this is an electronically-managed case and intend to file all documents in accordance with the Court's procedures for electronic filings.

l. Additional Information:

Plaintiff's counsel has just become aware that at least two USAF personnel employed by the AF organization that coordinated the Spectrum CRADA project, and who were intimately involved with the testing and evaluation of the Spectrum MAC Proprietary Information under the CRADA, later retired from the USAF and thereafter were retained as an employee and consultant to more

than one of Spectrum's competitors who bid on the MAC solicitation that is the subject of this litigation, and were actively involved in the preparation of these competitors' MAC proposals submitted in response to the MAC RFP. In these capacities it is believed that they disclosed Spectrum's Proprietary Information obtained while these individuals were in the employment of the Government on the Spectrum CRADA project. Plaintiff's counsel is currently reviewing Government regulations and the contractual provisions between Spectrum and the Government to determine whether an Amended Complaint needs to be filed to include this new information. Plaintiff's counsel has informed Government counsel of the names of these individuals and requested information regarding their involvement in the upcoming Rule 26 exchange.

Defendant is not aware of any additional information of which the Court should be made aware of at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

| | |
|---|---|
| s/ Terrance R. Ketchel | s/ Lauren S. Moore |
| TERRANCE R. KETCHEL<br>Terrance R. Ketchel, P.A.<br>126 NE Eglin Parkway<br>Fort Walton Beach, FL 32548<br>Tele: (850) 664-2705<br>Fax: (850) 664-7933 | LAUREN S. MOORE<br>Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>1100 L Street, N.W.<br>Attn: Classification Unit<br>8th Floor<br>Washington, D.C. 20530<br>Tele: (202) 307-6288<br>Fax: (202) 514-8640 |
| Attorney for Plaintiff | Attorneys for Defendant |
| Dated: ________________ | Dated: ____________________ |

**CERTIFICATE OF FILING**

I hereby certify that on the 14th day of February, 2005, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that parties may access this filing through the Court's system.

/s/ Lauren S. Moore