IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPECTRUM SCIENCES AND SOFTWARE INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1366C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Pursuant to Rules 12(b)(6) of the Rules of the United States Court of Federal Claims, and this Court's order dated July 28, 2005, defendant, the United States, respectfully replies to plaintiff's opposition to our motion to dismiss.[1] In support of our motion, we rely upon the pleadings, our initial brief and appendix, and the following brief. For the reasons set forth in our moving brief and in this reply, we respectfully request that the Court grant our motion to dismiss.

Spectrum asserts that the Government is liable for the actions of two former Air Force employees who allegedly divulged Spectrum's proprietary information to its competitors. As we demonstrated in our motion to dismiss and demonstrate again below, the Court should dismiss this claim because it is a claim upon which relief cannot be granted pursuant to Rule 12(b)(6) of the Rules of this Court. In its response to our motion to

[1] Pursuant to the Court's July 28, 2005 order, this reply brief addresses only the Government's motion to dismiss. At the Court's instruction, we are deferring our reply brief relating to defendant's motion for summary judgment.

dismiss this claim, Spectrum includes matters which were not the subject of our motion to dismiss. In particular, on pages 24 through 27 of its opposition, Spectrum reverts to its discussion regarding its other claims against the Government, for example, its allegations that the draft and final request for proposals breached the parties' Cooperative Research and Development Agreement ("CRADA"). We addressed this claim in our partial motion for summary judgment, and, pursuant to the Court's order dated July 28, 2005, do not address it again here.

## ARGUMENT

### Spectrum Has Failed To State A Claim Upon Which Relief Can Be Granted In Connection With Its Allegation That Messrs. Turner And Mank Improperly Divulged Spectrum's Proprietary Information After They Left The Air Force

As we explained in our moving brief, Spectrum's claim that Messrs. Turner and Mank improperly divulged Spectrum's proprietary information to competitors after they left the Government is a claim upon which relief cannot be granted. A motion to dismiss, pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims, for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle it to a remedy as a matter of law. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998).

Spectrum's amended complaint states that "**after** they retired from government service, Turner and Mank improperly utilized Spectrum's confidential and proprietary information in breach of the CRADA, and in violation of 18 U.S.C. § 1905, to assist Spectrum's competitors submitting proposals on RFP. No. F08635-R-0077." Am. Compl. ¶ 33[2] (emphasis added). Spectrum's amended complaint also states that "the involvement of Turner and Mank **after** they retired from the USAF on behalf of Spectrum's competitors violated 18 U.S.C. §§ 207(a) and 207(a)(2) and the regulations promulgated thereunder by the Office of Government Ethics at 5 C.F.R. Part 2637."[3] Am. Compl. ¶ 34 (emphasis added). Amended complaint paragraph 31 states that "**[u]pon Mank's retirement from the USAF**, Mank also participated in advising competitors of Spectrum who submitted proposals to Solicitation No. F08635-R-0077." Am. Comp. ¶ 31 (emphasis added). Similarly, in its opposition to our motion, Spectrum states that the issue before the Court is "whether either Turner or Mank acquired Spectrum's proprietary information during their employment with the USAF **and later used** such proprietary

---

[2] "Am. Compl. ___" refers to Spectrum's amended complaint, filed with the Court on or about March 14, 2005. "Pl. Opp. at ___" refers to Spectrum's brief in opposition to our dispositive motion.

[3] Spectrum's assertion on page 24 of its opposition that the amended complaint makes no reference to 18 U.S.C. § 207(a) or 5 C.F.R. Part 2637 is inaccurate. Paragraph 34 of Spectrum's amended complaint cites to both of these provisions.

information to assist Spectrum's competitors in preparing Technical Proposals for the MAC II Solicitation." Pl. Opp. At 2 (emphasis added). Importantly, Spectrum's amended complaint does not allege that either Mr. Turner or Mr. Mank improperly divulged Spectrum's proprietary information while they were employed by the Government. See Am. Compl. ¶¶ 1-62.

As we explained in our motion, the statutes upon which Spectrum relies, 18 U.S.C. §§ 1905 and 207(a),[4] do not provide for a cause of action against the United States. The language of both statutes governs the actions and communications of individuals who have left the employment of the United States. 18 U.S.C. §§ 1905; 207(a). Neither statute proscribes communications by the United States or by persons currently employed by the United States, or provides a cause of action against the United States in the event the statute is not complied with. Id. Instead, the statutes provide for a punishment of an individual who acts contrary to the statutes. Id. The statutes provide that the subject individual, rather than the United States, "shall be fined under this title, or

[4] In its opposition, Spectrum attempts to distance itself from reliance upon 18 U.S.C. §§ 1905 and 207. Pl. Opp. at 3, 23, 26. If Spectrum did not intend to rely upon these statutes in support of its cause of action, it should not have cited them in its amended complaint. Furthermore, Spectrum does not identify any other statute, regulation, or case law which supports a cause of action asserting that the United States is liable for the alleged dissemination of Spectrum's proprietary information by former Government employees.

imprisoned not more than one year, or both" or "shall be removed from office or employment," 18 U.S.C. § 1905, or "shall be punished as provided in section 216 of this title." 18 U.S.C. § 207(a).

Moreover, as we also established in our motion to dismiss, the United States is the authority that prosecutes violations of 18 U.S.C. § 207(a). 5 C.F.R. § 2637.101. See also In re Nofziger, 969 F.2d 1138, 1139 (D.C. Cir. 1992) (the Government is responsible for enforcing 18 U.S.C. § 207, i.e., the Ethics in Government Act); United States v. Nofziger, 878 F.2d 442, 448 (D.C. Cir. 1989) (to obtain a conviction under 18 U.S.C. § 207, the Government must prove that the former Government employee knew that his communication with his former agency of employment was unlawful).

Here, paragraphs 33 and 34 of the amended complaint do not assert that Messrs. Mank and Turner wrongly communicated with the Air Force after their employment with the Government. Instead, they assert that they wrongly communicated with Spectrum's competitors. Thus, the facts as alleged by Spectrum do not reflect a violation of either statute, not to mention a cause of action against the United States.

Spectrum makes much of the factual allegation that Messrs. Turner and Mank allegedly possessed detailed knowledge about the MAC and Spectrum's proposed improvements to it as a result of

their Government employment. See Pl. Opp. at 7; 9; 20-21 (Spectrum asserts that Mr. Turner visited Spectrum’s laboratory during his employment with the Air Force; asserts that Mr. Mank “had continuous and repeated access to Spectrum’s design and improvements to the MAC”). Spectrum also argues that because our motion to dismiss did not contest Spectrum’s allegations regarding Mr. Mank’s knowledge of the MAC, it should be denied. Pl. Opp. At 2, 12, 19, 20. How much, if any, knowledge of the MAC or Spectrum’s proposed improvements to it Messrs. Turner and Mank possessed is irrelevant to the central issue of whether the Government can be held liable for any divulgence by Messrs. Turner or Mank of Spectrum’s proprietary information after they left Government employment. As we demonstrated in our motion to dismiss and above in this reply, Spectrum states a claim upon which relief cannot be granted.

For these reasons, Spectrum's claim that Messrs. Mank and Turner wrongly communicated with Spectrum's competitors after they left Government employment is a claim upon which relief cannot be granted and should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, we respectfully request that the Court grant our motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

CHUN-I CHANG
ALAN LUTHY
Department of the Air Force

AUGUST 18, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 18th day of August, 2005, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF’S OPPOSITION TO DEFENDANT’S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system, and that the parties may access this filing through the Court’s system.

/s/ Lauren S. Moore