IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPECTRUM SCIENCES AND SOFTWARE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1366C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STIPULATED PROTECTIVE ORDER

Certain information that may necessarily be disclosed orally or in writing during this action may be proprietary or confidential, or otherwise protected information. To address these concerns, the parties have agreed to enter this Joint Stipulated Protective Order ("Order") which will govern the access to and use of certain documents. The parties agree that protected documents and information provided during the course of this action shall be disclosed and handled as follows:

1. "Protected" or "confidential" or "sensitive" as used herein means information, the protection of which is necessary because it contains sensitive business information that is proprietary to a non-public, i.e., private entity.

2. Counsel of record for plaintiff may disclose protected information to other attorneys in counsel’s law firm, counsel’s support staff, counsel for defendant (agency and Department of Justice), the Court, and current and former Government employees deposed or questioned in this action, and the original source of such information if deposed or questioned, subject to the terms

and conditions set forth in this Order.

3. Counsel for defendant may disclose protected information to other employees and officials of the United States as necessary to represent the United States in this action, counsel for plaintiff, the Court, current and former Government employees, if deposed or questioned, and the original source of the information, if deposed or questioned.

4. Counsel for the parties shall conspicuously mark (on the first page and all pages containing protected information) documents that they produce and which contain protected information as "PROTECTED MATERIAL." Protected material shall be reviewed and used by persons identified in paragraphs two and three solely for the purpose of this litigation and any appeals and shall not be given, shown, made available, discussed, or otherwise communicated in any form to any other individual or establishment.

5. It shall be the responsibility of counsel for the parties to advise all persons to whom they disclose protected information pursuant to paragraphs two, three, and four above, that they are bound by the terms and restrictions of this Order, to advise them that the protected information is being made available to them only subject to the conditions in this Order, and of the possible ramifications of any failure, deliberate or accidental, to abide by this Protective Order.

6. It shall be the responsibility of counsel for plaintiff to ensure that such persons to whom protected material is shown (other than law clerks, paralegals, and support staff for counsel, who shall be advised of the existence of the protective order) pursuant to paragraph two, execute the attached confidentiality agreement before reviewing, discussing or otherwise having access to any protected information. Plaintiff's counsel must provide a copy of all executed confidentiality agreements to counsel of record for defendant, within five business days of execution of a confidentiality agreement.

7. It shall be the responsibility of counsel for defendant to ensure that any non-Government employee to whom protected material is shown pursuant to paragraph three, execute the attached confidentiality agreement before reviewing, discussing or otherwise having access to any protected information. Defendant's counsel must provide a copy of all executed confidentiality agreements to counsel of record for plaintiff, within five business days of execution of a confidentiality agreement.

8. If counsel for either party wishes to disclose protected information to persons other than those referred to in paragraphs two and three above, he or she shall notify counsel of record for the other party in advance, identifying the (1) protected

information to be disclosed, (2) person to whom the information would be disclosed, and (3) purpose of such disclosure. Counsel so notified shall advise opposing counsel of record of any objection to disclosure within five business days of receiving notice of the request to disclose the information. If the parties are unable to resolve any timely objection informally, the party seeking to make the disclosure may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the designated information shall be treated as protected information and shall not be released to the individual(s) in question.

9. No document (including motions, briefs, depositions, and exhibits) containing protected information shall be filed with the Court unless filed separately under seal in accordance with the Court’s procedures for filing sealed documents. Such documents shall be filed under seal and maintained under seal by the Court. Access to such documents will be permitted only to the Court, Court personnel authorized to have access, counsel for the parties, and those individuals authorized to have access in accordance with paragraphs two and three of this order.

10. Except when required for submission to a Court which possesses jurisdiction over this action, no more than two copies shall be made by counsel for plaintiff of any material that is subject to this Protective Order.

11. If any counsel finds it necessary to refer to protected information in any oral Court proceeding, counsel shall notify the Court and other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information to persons other than those authorized by this Order.

12. Within 90 calendar days following the conclusion of this action (including any and all appeals), all protected material shall be returned to the party that produced it or destroyed. Legal memoranda, briefs and work product documents containing such information may be retained if protected information referred to therein is certified by counsel to have been expunged and/or redacted pursuant to a protocol agreed upon by the parties and/or authorized by the Court.

13. By providing any protected document or other information in its possession, no party waives any privileges, objections or protections otherwise afforded to it by law or equity. The parties reserve the right to seek from the Court additional safeguards to protect such information from public disclosure.

14. Persons subject to this order are advised that they are obligated by law not to disclose any protected information in an unauthorized fashion. Any breach of this order must be disclosed immediately to the Court and counsel for all parties so

that appropriate actions may be taken to minimize the harm of any violation.

15. Nothing in this Order shall be construed to waive the attorney-client, deliberative process, attorney work product, or other privilege.

16. Nothing in this Order shall be construed to prohibit the disclosure by any Federal agency of material covered by the Protective Order to other appropriate persons within the Federal government, nor shall anything in this Order render inapplicable any statutory or regulatory limitations upon such disclosure that may otherwise exist. See, e.g., 18 U.S.C. § 1905, 31 U.S.C. § 716(e)(1).

17. The restrictions set forth herein shall not apply to:

a. any information which at the time of disclosure is available to the public;

b. any information which after disclosure becomes available to the public through no act, or failure to act, of the receiving party or its counsel; and

c. any information which the receiving party can show: (i) was independently developed by the receiving party; (ii) was already known to the receiving party from other legitimate sources; or (iii) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and which was not required to be held in confidence.

No party hereto shall be bound by this Order as to any information which it possessed prior to this action or learned from sources not related to this action, unless such information was obtained under circumstances requiring its treatment as confidential.

SO ORDERED:

______________________________
Judge Allegra
United States Court of Federal Claims

DATED: __________________

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPECTRUM SCIENCES AND SOFTWARE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1366C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

CONFIDENTIALITY AGREEMENT

I, ____________________, have read and understand the Protective Order governing the restricted review and use of protected information as defined therein, and I agree to be bound by the terms thereof.

____________________________
signature

Dated this ___ day of _________, 2007.