IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SPECTRUM SCIENCES AND SOFTWARE, INC. )
)
Plaintiff, )
)
v. ) No. 04-1366C
) (Judge Allegra)
THE UNITED STATES, )
)
Defendant. )

DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

For its answer to plaintiff's second amended complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegation contained in paragraph one for lack of knowledge or information sufficient to form a belief as to its truth.

2. Admits.

3. Denies the allegations contained in paragraph three for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegations contained in the first sentence of paragraph four are plaintiff's characterization of its case, to which no response is required; to the extent the allegations are deemed allegations of fact, they are denied. The allegation contained in the second sentence of paragraph four is a conclusion of law, to which no response is required; to the extent it is deemed an allegation of fact, it is denied.

5. Admits.

6. Admits.

7. Denies the allegations contained in paragraph seven for lack of knowledge or information sufficient to form a belief as to their truth.

8. Denies the allegations contained in paragraph eight for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in paragraph nine for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in paragraph ten for lack of knowledge or information sufficient to form a belief as to their truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies.

14. Admits the allegation contained in paragraph 14, that the parties entered into a CRADA in October, 2000, to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies this allegation; denies the remainder of the allegations contained in paragraph 14.

15. Admits.

16. Admits the allegations contained in paragraph 16 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Denies the allegation contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to its truth.

20. Admits the allegations contained in paragraph 20 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Denies.

24. Admits the allegation contained in paragraph 24 to the extent supported by the Final Report cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 24.

25. Denies.

26. Admits the allegation contained in paragraph 26 that the Air Force commenced internal development of a solicitation for the MAC II system; denies the allegation contained in paragraph 26 that the Air Force's efforts regarding development of a solicitation for a MAC II were "unbeknownst to Spectrum" for lack of knowledge or information sufficient to form a belief as to its truth; denies the remaining allegations contained in paragraph 26.

27. Denies.

28. Denies.

29. Denies.

30. Admits the allegation contained in the first sentence of paragraph 30 to the extent supported by the draft solicitation cited, which is the best evidence of its contents; otherwise

denies the allegation contained in the first sentence of paragraph 30. Denies the allegation contained in the second sentence of paragraph 30. Admits the allegation contained in the third sentence of paragraph 30.

31. Denies.

32. Admits the allegation contained in the first sentence of paragraph 32 to the extent supported by the final solicitation cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 32. Denies the allegation contained in the second sentence of paragraph 32. Admits the allegation contained in the third sentence of paragraph 32.

33. Denies.

34. Denies the allegation contained in paragraph 34, that the requests for proposals ("RFP") were based on, contained, or released Spectrum's proprietary information protected under the CRADA or otherwise; admits the remainder of the allegations contained in paragraph 34 to the extent supported by the RFPs cited, which are the best evidence of their contents; otherwise denies the remainder of the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 and avers that Spectrum did not request to review the draft or final RFPs.

36. Admits the allegation contained in paragraph 36 that Spectrum competed for the contract under the final RFP; the remainder of the allegations contained in paragraph 36 are conclusions of law or plaintiff's characterization of its case, to which no response is denied; to the extent they are allegations of fact, they are denied.

37. Admits.

38. Denies.

39. Denies.

40. Denies.

41. Denies the allegation contained in paragraph 41 that Spectrum submitted to the Air Force an unsolicited proposal "[i]n response" to the Air Force's actions; admits the remainder of the allegations contained in paragraph 41 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 41.

42. Denies the allegations contained in the first sentence of paragraph 42 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegation contained in the second sentence of paragraph 42 to the extent supported by the proposal cited, which is the best evidence of its content; otherwise denies the allegation contained in the

second sentence of paragraph 42.

43. The allegation contained in paragraph 43 is plaintiff's characterization of its case, to which no response is required; to the extent it is deemed an allegation of fact, it is denied.

44. Admits the allegation contained in the first sentence of paragraph 44. Denies the allegation contained in the second sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to its truth.

45. Admits the allegation contained in paragraph 45 that SMSgt. Daniel Mank worked for the Air Force as the superintendent of the MMHE Focal Point during the CRADA; denies the remainder of the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

46. Denies the allegation contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to its truth.

47. Denies the allegation contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to its truth.

48. Denies.

49. Denies the allegation contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to its truth.

50. Admits the allegations contained in the first and

second sentences of paragraph 50. Denies the allegation contained in the third sentence of paragraph 50.

51. Denies.

52. Denies.

53. The allegation contained in paragraph 53 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

54. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 53.

55. The allegation contained in paragraph 55 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

56. Denies.

57. Denies.

58. Denies.

59. Denies.

60. Denies.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 69 or to any relief whatsoever.

61. Defendant repeats and reasserts its responses to the allegations contained in paragraphs 1 through 53.

62. Admits the allegation contained in paragraph 62 that Spectrum submitted an unsolicited proposal to the Air Force in

February 2003; denies the allegation contained in paragraph 62 that the submission was pursuant to Air Force direction; the allegation contained in paragraph 62 that the submission was pursuant to the FAR is a conclusion of law, to which no response is required; to the extent it is deemed an allegation of fact, it is denied.

63. The allegation contained in paragraph 63 is a conclusion of law, to which to response is required; to the extent it may be deemed an allegation of fact, it is denied.

64. The allegations contained in paragraph 64 is a conclusion of law, to which to response is required; to the extent they may be deemed allegations of fact, they are denied.

65. The allegation contained in paragraph 65 that the unsolicited proposal contained trade secrets and proprietary information developed by Spectrum is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; admits the remainder of the allegations contained in paragraph 65 to the extent supported by the unsolicited proposal cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 65.

66. The allegation contained in paragraph 66 that the unsolicited proposal contained trade secrets and proprietary information developed by Spectrum is a conclusion of law, to

which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

67. Denies.

68. Denies.

69. Denies.

70. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 69 or to any relief whatsoever.

71. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

CHUN-I CHIANG
Department of the Air Force
Air Force Legal Services Agency
1501 Wilson Blvd.
Suite 606
Arlington, VA 22209-2403

MARCH 8, 2007

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on MARCH 8, 2007, a copy of "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore