ELECTRONICALLY FILED ON AUGUST 20, 2007

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SPECTRUM SCIENCES & SOFTWARE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1366C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT LIST OF PLAINTIFF SPECTRUM SCIENCES & SOFTWARE, INC.**

Plaintiff Spectrum Sciences & Software, Inc. ("Spectrum"), by its undersigned counsel and pursuant to the Court's Scheduling Order, hereby provides its Exhibit List.1

**A. EXHIBITS NOT CONTAINING MATERIALS SUBJECT TO PROTECTIVE ORDER**

**Exhibit 1:** Email from Wally Brown to Dwight Howard, dated April 7, 2000.

**Exhibit 2:** Email from Dwight Howard to Rodney Holt, dated May 4, 2000.

**Exhibit 3:** Email from Jerry Jones to Dwight Howard, dated June 5, 2000. (Plaintiff's Deposition Exhibit No. 10.)

**Exhibit 4:** Email from Charles Keisel to Dwight Howard, dated June 13, 2000. (Plaintiff's Deposition Exhibit No. 11.)

**Exhibit 5:** Email to CMSgt. James Shelengoski, dated September 2000. (Plaintiff's Deposition Exhibit No. 15.)

**Exhibit 6:** Cooperative Research and Development Agreement ("CRADA") dated October 2000. (Plaintiff's Deposition Exhibit No. 13.)

**Exhibit 7:** Email from Scott Ahlborn to Dwight Howard, dated June 13, 2001.

1 Unless identified by an "*" plaintiff expects to offer the exhibit.

(Plaintiff's Deposition Exhibit No. 20.)

**Exhibit 8:** Email from Scott Ahlborn to Morris Howdy, dated December 10, 2001. (Plaintiff's Deposition Exhibit No. 24.)

**Exhibit 9:** Reserved.

**Exhibit 10:** Email from James Shelengoski to Dwight Howard, dated September 24, 2002. (Plaintiff's Deposition Exhibit No. 29.)

**Exhibit 11:** Email from James Shelengoski to Dwight Howard, dated November 1, 2002. (Plaintiff's Deposition Exhibit No. 30.)

**Exhibit 12:** Email from Scott Ahlborn to Dwight Howard, dated December 17, 2002. (Produced as part of Spectrum's Supplemental Rule 26 Disclosures.)

**Exhibit 13:** Email from Scott Ahlborn to Dwight Howard, dated December 31, 2002. (Plaintiff's Deposition Exhibit No. 34.)

**Exhibit 14:** Email from Richard Potratz to Dwight Howard, dated January 8, 2003.

**Exhibit 15:** Letter from Don Garrison to MSgt. Tony Roy, Jr., dated February 19, 2003. (Produced by Government as part of unsolicited proposal file.)

**Exhibit 16:** Email from Karen Turner to Patty Uhrig regarding Spectrum small business office visit undated. (Plaintiff's Deposition Exhibit No. 65.)

**Exhibit 17:** MAC Murder Board Presentation, dated February 20, 2003. (Plaintiff's Deposition Exhibit No. 37.)

**Exhibit 18:** Memorandum for Spectrum from Tony Roy, Jr., dated February 27, 2003. (Plaintiff's Deposition Exhibit No. 38.)

**Exhibit 19:** Memorandum for Spectrum from Karen Turner, dated March 25, 2003. (Plaintiff's Deposition Exhibit No. 39.)

**Exhibit 20:** MAC II Statement of Objectives, dated March 25, 2003. (Plaintiff's Deposition Exhibit 40.)

**Exhibit 21:** E-mail from Nick Dokich to Jonathan Markle dated April 22, 2003.

**Exhibit 22:** Draft Performance Specification, dated April 11, 2003. (Plaintiff's Deposition Exhibit No. 41.)

**Exhibit 23:** Attendance List - Industry Day MAC II. (Produced by the Government.)

**Exhibit 24:** MAC II Industry Day Sign-In Sheet. (Plaintiff's Deposition Exhibit No. 56.)

**Exhibit 25:** MAC II Industry Day Powerpoints. (Plaintiff's Deposition Exhibit No. 56 (less Sign-In Sheet).

**Exhibit 26:** CD containing various Industry Day pictures taken by Tom Turner. (Produced by Tom Turner during deposition.)

**Exhibit 27:** Solicitation No. F08635-03-R-0077. (Plaintiff's Deposition Exhibit No. 43.)

**Exhibit 28:** CD: Conveyor, Munitions Assembly A/E 32 K-3 P/N: 8457540-10, dated February 21, 2003. (MAC drawing package provided to offerors.)

**Exhibit 29:** Final Performance Specification, dated May 1, 2003. (Plaintiff's Deposition Exhibit No. 44.)

**Exhibit 30:** Cover email from David Martinez to Tom Turner and General Independent Consultant Agreement between D&D and Turner, dated May 6, 2003. (Turner Deposition Exhibit No. 2.)

**Exhibit 31:** Memorandum for Source Selection Evaluation Team from Lieutenant John Kyzar, dated May 12, 2003. (Plaintiff's Deposition Exhibit No. 46.)

**Exhibit 32:** Memorandum from Tom Turner to David Martinez, dated May 14, 2003 (and notes regarding same). (Plaintiff's Deposition Exhibit No. 48.)

**Exhibit 33:** Cover Sheet - Contract Award D&D Machinery, dated September 2003. (Plaintiff's Deposition Exhibit No. 55.)

**Exhibit 34:** Letter from Karen Turner to Danny Bridges, dated September 17, 2003. (Notice of Award.)

**Exhibit 35:** Defendant's Response to Plaintiff's First Set of Interrogatories (Responses to Interrogatory Nos. 1, 2, 3, 5, 6, 9, 13, 22, 23, 25, 26, 30).

**Exhibit 36:** Defendant's Supplemental Response to Plaintiff's First Set of Interrogatories (Responses to Interrogatory Nos. 3, 8, 17).

**Exhibit 37:** Defendant's Answer to Plaintiff's Second Amended Complaint.

**Exhibit 38:** Designated portions of the Deposition of Scott Ahlborn.[2]

**Exhibit 39:** Designated portions of the Deposition of David Keith Underwood.

**Exhibit 40:** Designated portions of the Deposition of Gretchen Rauch.

**Exhibit 41:** Designated portions of the Deposition of Mark Hillman.

**Exhibit 42:** Designated Portions of the Deposition of James Shelingoski.

**Exhibit 43:** Designated Portions of the Deposition of Jonathan Markle.

**Exhibit 44:** Designated Portions of the Deposition of Karen Turner.

**Exhibit 44a:** Designated Portions of the Deposition of Tom Turner

---

[2] Spectrum has identified certain depositions as exhibits out of an abundance of caution. Spectrum will provide designations of specific portions of the depositions it seeks to introduce reasonably in advance of trial or at such other time as the Court should direct. Spectrum presently intends to offer the designated portions of the depositions pursuant to Fed. R. Evid. 801(d) or, alternatively, (if the Air Force does not provide for the attendance of one or more of such witnesses) pursuant to Rule 32(e) as each of such witnesses are more than 100 miles from the place of trial or hearing.

## B. EXHIBITS FOR WHICH SPECTRUM SEEKS COVERAGE UNDER THE PROTECTIVE ORDER[3]

**Exhibit 45:** Spectrum drawing package. (Plaintiff's Deposition Exhibit No. 71.)

**Exhibit 46:** Letter from Wally Brown to Dwight Howard and attachment, dated April 8, 2000 (and attached upgrade analysis). (Plaintiff's Deposition Exhibit No. 8.)

**Exhibit 47:** Facsimile from Wally Brown to Dwight Howard, dated April, 12 2000. (Plaintiff's Deposition Exhibit No. 8.)

**Exhibit 48:** Letter from Wally Brown to Spectrum, dated April 8, 2000 Cover letter from Wally Brown to Dwight Howard dated April 20, 2000 and attached drawings. (Plaintiff's Deposition Exhibit No. 70.)

**Exhibit 49:** Letter from Dwight Howard to Ken Garber (and Purchase Order), dated May 22, 2000. (Plaintiff's Deposition Exhibit No. 9.)

**Exhibit 50:** Usability Test Procedure for Large Flood Light, dated July 24, 2000. (Produced as part of Spectrum's Supplemental Rule 26 Disclosures.)

**Exhibit 51:** Facsimile from Dwight Howard to Dale Stokes attaching drawings, dated May 18, 2001. (Plaintiff's Deposition Exhibit No. 63.)

**Exhibit 52:** Letter from Wally Brown to Dwight Howard, dated June 8, 2001.

**Exhibit 53:** Letter from Dwight Howard to James Shelengoski, dated August 15, 2001. (Plaintiff's Deposition Exhibit No. 21.)

**Exhibit 54:** Letter from Dwight Howard to James Shelengoski, dated October 1, 2001. (Plaintiff's Deposition Exhibit No. 22.)

**Exhibit 55:** Letter to Warfighter from Dwight Howard, dated October 1, 2001 regarding

---

[3] Spectrum requests treatment of the documents as protected out of an abundance of caution and to avoid any further misuse.

containers and attaching drawings. (Plaintiff's Deposition Ex. No. 58.)

**Exhibit 56:** Memorandum for Record from Scott Ahlborn, dated December 21, 2001. (Plaintiff's Deposition Exhibit No. 25.)

**Exhibit 57:** Stress Analysis, dated January 15, 2003. (Plaintiff's Deposition Exhibit No. 67.)

**Exhibit 58:** Unsolicited Proposal, dated February 19, 2003. (Plaintiff's Deposition Exhibit No. 35.)

**Exhibit 59:** MAC Acquisition Strategy. (Plaintiff"s Deposition Exhibit No. 36.)

**Exhibit 60:** Spectrum color slides. (Plaintiff's Deposition Exhibit No. 69.)

**Exhibit 61:** Spectrum MAC II Oral Presentation. (Produced during discovery by Government.)

**Exhibit 62:** Notes regarding Spectrum, dated June 24, 2003. (Plaintiff's Deposition Exhibit No. 52.)

**Exhibit 63:** MAC II Prototype (and notes regarding Spectrum), dated June 24, 2003. (Plaintiff's Deposition Exhibit No. 53.)

**Exhibit 64:** Facsimile from Danny Bridges to Karen Turner, dated June 27, 2003. (Produced by Government regarding Spectrum MAC II Proposal.)

**Exhibit 65:** Facsimile from Danny Bridges to Karen Turner, dated July 21, 2003.

**Exhibit 66:** Spectrum Final Proposal Revision, dated August 6, 2003.*

**C. EXHIBITS FOR WHICH THE GOVERNMENT SEEKS COVERAGE UNDER THE PROTECTIVE ORDER**

**Exhibit 67:** Handwritten notes, dated September 5, 2001 with attached ICB change 13.

**Exhibit 68:** D&D Proposal, Volume I, Mission Capability, dated June 14, 2003. (Produced by Government as part of Protected Material.)*

**Exhibit 69:** D&D Proposal Volume I Mission Capability Undated. (Produced by Government as part of Protected Material.)*

**Exhibit 70:** Source Selection Briefing, dated July 17, 2003. (Produced by Government.)*

**Exhibit 71:** Source Selection Briefing, dated July 30, 2003. (Produced by Government.)

**Exhibit 72:** MAC II Source Selection Decision dated August 25, 2003. (Produced by Government as part of Protected Material.)

**D. MISCELLANEOUS EXHIBITS/SUMMARIES/RESERVATIONS**

**Exhibit 73:** Summary Cost Documents re: Pre-CRADA Research Investment and CRADA Investment.[4]

**Exhibit 74:** Any exhibit identified by Defendant and not objected to by Plaintiff (e.g., Defendant's Ex. 33 - MAC II Requirements Chart.)

---

[4] Although this matter has been bifurcated by agreement, Spectrum, if and as necessary, reserves the right to offer summary accounting system documents to support other evidence of the existence of investment and damage, *e.g.*, the testimony of Spectrum's Chief Operating Officer, the CRADA, the other exhibits identified herein, etc. Spectrum does not believe that detailed proof of damages is necessary on entitlement but reserves the right to offer such proof as it deems necessary. *See Cosmo Constr. Co. v. United States*, 451 F.2d 602, 605-06 (Ct. Cl. 1971) (requiring only a showing of some evidence of damage "sufficient to demonstrate that the issue of liability is not purely academic.")

Dated: August 20, 2007

Respectfully submitted,

s/Craig A. Holman

Craig A. Holman
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5722
Fax: (202) 942-5999
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2007 a true and correct copy of the Exhibit List of Plaintiff Spectrum Sciences and Software, Inc. was served by electronic mail on:

Lauren S. Moore
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

s/ Craig A. Holman
Craig A. Holman