ELECTRONICALLY FILED ON AUGUST 20, 2007

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SPECTRUM SCIENCES & SOFTWARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1366C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**WITNESS LIST OF PLAINTIFF SPECTRUM SCIENCES & SOFTWARE, INC.**

Plaintiff Spectrum Sciences & Software, Inc. ("Spectrum"), by its undersigned counsel and in accordance with the Court's Scheduling Order, hereby identifies its witnesses for trial:

1. Dwight Howard*[1]
   Chief Operating Officer
   Spectrum Sciences & Software, Inc.
   91 Hill Avenue
   Fort Walton Beach, Florida 32548

Mr. Howard is Spectrum's Chief Operating Officer and led Spectrum's RAMS, MAC, and MAC II efforts. Spectrum intends to call Mr. Howard to testify regarding the facts asserted in Spectrum's Second Amended Complaint, the RAMS, the MAC, the MAC II, the Cooperative Research and Development Agreement ("CRADA"), the unsolicited proposal, Spectrum's objections to the actions of the Air Force, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of the foregoing items. Spectrum also expects that Mr. Howard will testify regarding the damages that Spectrum has suffered in connection with the Air Force's actions.[2]

---

[1] Spectrum likely will call witnesses with an "*" following their name. Spectrum may call all other witnesses.

[2] Spectrum notes that entitlement and quantum are bifurcated in this matter. Spectrum, accordingly, intends to introduce evidence regarding the existence of damages from the Air Force's breaches rather than presenting its full damages claim. *See Cosmo Constr. Co. v. United States*, 451 F.2d 602, 605-06 (Ct. Cl. 1971) (requiring only a showing of evidence of damage "sufficient to demonstrate that the issue of liability is not purely academic.")

2. Foster Brown
Quality Control Manager
Spectrum Sciences & Software, Inc.
91 Hill Avenue
Fort Walton Beach, Florida 32548

Mr. Brown served as a Spectrum Quality Control Manager during the relevant times and had detailed involvement particularly with Spectrum's MAC efforts. Spectrum may call Mr. Brown to testify regarding the RAMS, the MAC, the MAC II, the CRADA, the unsolicited proposal, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of the foregoing items.

3. Lamar Jackson*
Program Manager
Spectrum Sciences & Software, Inc.
91 Hill Avenue
Fort Walton Beach, Florida 32548

Mr. Jackson served as the Program Manager for Spectrum's CRADA efforts. Spectrum intends to call Mr. Jackson to testify regarding the RAMS, the MAC, the MAC II, the CRADA, the unsolicited proposal, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of the foregoing items. Mr. Jackson also may testify regarding the harm suffered by Spectrum.

4. Pat Carpenter
Former Spectrum Director of Business Development

Mr. Carpenter formerly served as Spectrum's Director of Business Development. In that capacity, he had involvement with both the CRADA and the unsolicited proposal. Spectrum may call Mr. Carpenter regarding, among other items, the RAMS, the MAC, the MAC II, the performance of the CRADA, the preparation and submission of Spectrum's unsolicited proposal, the MAC II procurement, and actions of the Air Force and Spectrum in connection with each of the foregoing

items.

5. Danny Bridges
Former Spectrum Director, Production and Quality

Spectrum may call Mr. Bridges to testify regarding the later parts of Spectrum's CRADA efforts, the unsolicited proposal, the MAC II procurement, Spectrum's objections to the actions of the Air Force, and the parties' actions in connection with each of the foregoing items. Mr. Bridges also may testify regarding the harm suffered by Spectrum from the Air Force's actions.

6. David Keith Underwood
1401 Ernest Hemingway Drive
Niceville, Florida 32578

Spectrum may call Mr. Underwood regarding the RAMS, the MAC, the MAC II, the CRADA, the unsolicited proposal, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of these, including, among other things, Spectrum's objections to the misuse of its proprietary information. Spectrum also may seek to introduce portions of Col. Underwood's deposition into evidence pursuant to Fed. R. Evid. 801.

7. Scott Edward Ahlborn*
502 Millard Lane
Niceville, Florida 32578

Spectrum intends to call Mr. Ahlborn to testify (to the extent that the Air Force makes him available) regarding the RAMS, the MAC, the MAC II, the CRADA, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of the foregoing items. Spectrum notes that Mr. Ahlborn served as an Air Force Program Manager for the CRADA effort and also was involved in the MAC II procurement and therefore, much of the testimony likely will focus on these two items. Spectrum likely will seek to introduce designated portions of Mr. Ahlborn's deposition into evidence pursuant to Fed. R. Evid. 801. To the extent that the Air Force does not make Mr.

Ahlborn available at trial, Spectrum also (alternatively) may seek to offer designated portions of his testimony pursuant to RCFC 32(a)(3)(E).

8. Gretchen Rauch
207 Windward Cove South
Niceville, Florida 32578

Spectrum may call Ms. Rauch to testify (to the extent that the Air Force makes her available) regarding the MAC, the MAC II, the CRADA, the unsolicited proposal, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of the foregoing items. Spectrum likely will seek to introduce designated portions of Ms. Rauch's deposition into evidence pursuant to Fed. R. Evid. 801. To the extent that the Air Force does not make Ms. Rauch available at trial, Spectrum also (alternatively) may seek to offer designated portions of her testimony pursuant to RCFC 32(a)(3)(E).

9. Mark Hillman
310 Sudduth Circle
Fort Walton Beach, Florida 32548

Spectrum may call Mark Hillman to testify (to the extent that the Air Force makes him available) regarding the RAMS, the MAC, the MAC II, the CRADA, the unsolicited proposal, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of the foregoing items. Spectrum may seek to introduce designated portions of Mr. Hillman's deposition into evidence pursuant to Fed. R. Evid. 801. To the extent that the Air Force does not make Mr. Hillman available at trial, Spectrum also (alternatively) may seek to offer designated portions of his testimony pursuant to RCFC 32(a)(3)(E).

10. James Shelengoski
800 Turnberry Way
Niceville, Florida 32578

Spectrum may call James Shelengoski to testify (to the extent that the Air Force makes him available) regarding the RAMS, the MAC, the MAC II, the CRADA, the unsolicited proposal, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of these. Spectrum may seek to introduce designated portions of Mr. Shelengoski's deposition into evidence pursuant to Fed. R. Evid. 801. To the extent that the Air Force does not make Mr. Shelengoski available at trial, Spectrum also (alternatively) may seek to offer designated portions of his testimony pursuant to RCFC 32(a)(3)(E).

11. Jonathan C. Markle
2421 Willow Bend Boulevard
Fort Walton Beach, Florida 32547

Spectrum may call Mr. Markle to testify (to the extent that the Air Force makes him available) regarding the RAMS, the MAC, the MAC II, the CRADA, and the MAC II procurement. Spectrum may seek to introduce designated portions of Mr. Markle's deposition into evidence pursuant to Fed. R. Evid. 801. To the extent that the Air Force does not make Mr. Markle available at trial, Spectrum also (alternatively) may seek to offer designated portions of his testimony pursuant to RCFC 32(a)(3)(E).

12. Karen Turner
3326 Highway 602
Lauren Hill, Florida

Spectrum may call Ms. Turner to testify (to the extent that the Air Force makes her available) regarding the MAC, the MAC II, the CRADA, the unsolicited proposal, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of the foregoing items. Spectrum may seek to introduce designated portions of Ms. Turner's deposition into evidence

pursuant to Fed. R. Evid. 801. To the extent that the Air Force does not make Ms. Turner available at trial, Spectrum also (alternatively) may seek to offer designated portions of her testimony pursuant to RCFC 32(a)(3)(E).

13. Thomas Turner
310 Lesnit Road
Ridgeville, Pennsylvania 15017

Spectrum may call Mr. Turner to testify (to the extent that the Air Force makes him available) regarding the RAMS, the MAC, the MAC II, the CRADA, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of these foregoing items. Spectrum also may have Mr. Turner testify regarding his involvement with D&D Machinery in the MAC II procurement. To the extent that the Air Force does not call Mr. Turner, Spectrum (alternatively) may seek to offer designated portions of his testimony pursuant to RCFC 32(a)(3)(E).

14. Dan Mank

Spectrum may call Mr. Mank to testify regarding the RAMS, the MAC, the MAC II, the CRADA, the MAC II procurement, and the actions of the Air Force and Spectrum in connection with each of these foregoing items. Spectrum also may have Mr. Mank testify regarding his involvement with a competitor in the MAC II procurement.

Dated: August 20, 2007

Respectfully submitted,

s/Craig A. Holman
Craig A. Holman
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5722
Fax: (202) 942-5999
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2007, I caused a true and correct copy of the Witness List of Plaintiff Spectrum Sciences and Software, Inc. to be served by electronic mail on:

Lauren S. Moore
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

s/ Craig A. Holman
Craig A. Holman