# In The United States Court of Federal Claims

No. 04-1366C

(Filed: October 31, 2007)

SPECTRUM SCIENCES & SOFTWARE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

On October 29, 2007, the court conducted a pre-trial conference in this case. Participating in this conference were Craig Holman, for plaintiff, and Lauren Moore, for defendant. For the reasons discussed at this conference, the court hereby orders the following:

1. Trial will commence at 10:00 a.m. (EST) on Tuesday, November 13, 2007, at the United States Court of Federal Claims, Courtroom #4, 717 Madison Place, Washington, DC 20005. Each subsequent day of trial will begin at 9:30 a.m. (EST), unless otherwise ordered.

2. On or before **November 8, 2007**, the parties shall file a joint stipulation of undisputed facts. The court expects that stipulation to be extensive. Failure to file a sufficiently comprehensive stipulation will result in an order requiring the parties to re-file a revised stipulation that comports with the court's expectations.

3. Regarding exhibits:

   a. In its memorandum of contentions of fact and law, defendant objected to plaintiff's exhibits 1, 2, 48, 55, 67, and 73 on the grounds that they were not produced during discovery. On October 26, 2007, plaintiff filed a memorandum addressing whether the document(s) comprising these exhibits were produced during discovery. At the pre-trial conference, the court determined that plaintiff's exhibit 73 would not be received at this trial.

Defendant's objections to exhibits 1, 2, 48, 55 and 67 were either withdrawn or rejected by the court.

b. At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections. At the outset of trial, the court will rule on any objections to exhibits that do not require live testimony. Objections to exhibits that require live testimony will be considered at the appropriate time. The parties shall consult with each other and avoid introducing duplicate exhibits.

c. At the beginning of trial, the parties shall supply six pre-marked copies of the exhibits they intend to offer in this case including joint exhibits. The copies shall be in binders, with tabbed dividers between each individual exhibit. Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter). Defendant shall use blue stickers; plaintiff shall use any color other than blue. The parties shall ensure that the pagination of individual exhibits is easily identifiable.

4. Regarding witnesses:

a. The parties shall coordinate regarding the order of witness presentations, particularly in the calling of common witnesses.

b. Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

c. Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

d. Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (*e.g.*, stipulated matters).

5. The court will require post-trial briefing in this case. The schedule for such briefing will be established at the conclusion of trial.

6. Closing argument will be held following the conclusion of post-trial briefing on a date to be established.

7. Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge