IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPECTRUM SCIENCES AND SOFTWARE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1366C |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM CONCERNING
EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Court's oral and written orders issued October 29, 2007, defendant respectfully files this memorandum further explaining defendant's jurisdictional argument set forth in its pre-trial brief filed on September 29, 2007. Upon further study and reflection, we agree that the exhaustion requirement here is not jurisdictional, but, instead, is contract-based.

DISCUSSION

I. The Distinction Between Congressionally Mandated Exhaustion of Remedies And That Required by Contract

"In general, exhaustion of administrative remedies is the rule, and waiver the exception, because exhaustion serves a myriad of purposes, including limiting judicial interference in agency affairs, conserving judicial resources, and preventing the 'frequent and deliberate flouting of administrative processes [that] could weaken the effectiveness of an agency . . . .'" Ace Property & Casualty Insur. Co. v. United States, 60 Fed. Cl. 175, 181 (2004)(citations omitted). Exhaustion also provides the agency an opportunity to develop the facts of the case, assisting

in any subsequent judicial review. Id.

Well-settled case law has distinguished between two types of exhaustion requirements: (1) statutorily-based exhaustion, and (2) exhaustion of remedies that is required by the parties' contract. Ace Property, 60 Fed. Cl. at 181. Unlike contract-based exhaustion requirements, "statutory exhaustion requirements are mandatory, and courts are not free to dispense with them." Id.; see McNeil v. United States, 508 U.S. 106, 113 (1980) (affirming dismissal for lack of jurisdiction based upon plaintiff's failure to exhaust stutorily-required remedy before filing suit); Schlesinger v. United States, 383 F.2d 1004, 1008 (Ct. Cl. 1967)(when exhaustion is required by statute, failure to comply creates "a jurisdictional void which [the Court] is not at liberty to ignore").

Where there is no express statutory exhaustion requirement, and the exhaustion requirement is based upon the parties' contract, courts may "exercise discretion and 'balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion.'" Ace Property, 60 Fed. Cl. at 184 (quoting in part McCarthy v. Madigan, 503 U.S. 140, 146 (1992)). Courts must determine whether to exercise their jurisdiction where an exhaustion requirement is not statutorily mandated. Courts may, in their discretion, waive contractual

exhaustion requirements under certain circumstances. Omni Moving & Storage of Virginia, 21 Cl. Ct. 224, 230 (1990). A court may waive a contractually-required exhaustion requirement where

> (1) requiring exhaustion of the administrative remedy may prejudice the plaintiff by delaying resolution of [the] claim; (2) the administrative remedy may be inadequate because, even if an agency can adjudicate the issue presented, it may not have authority to grant the type of relief requested; and (3) an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it.

Id. at 16. Thus, a court has discretion to determine if exhaustion of administrative remedies should be required by considering "whether the plaintiff's interests in having access to a judicial forum outweigh the government's interest in admimistrative autonomy." Hannon v. United States, 48 Fed. Cl. 15, 27 (2000).

## II. The Necessity Of Raising An Exhaustion Of Remedies Argument As An Affirmative Defense

The United States Supreme Court, in Jones v. Bock, 127 S. Ct. 910 (2007), recently held that a plaintiff does not need to plead facts establishing that he exhausted administrative remedies, treating exhaustion as an affirmative defense. The Jones case involved the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997 ("PLRA"), which "mandates early judicial screening of prisoner cmplaints and requires prisoners to exhaust prison grievance procedures before filing suit." Id. at 911. The Court

held that there was no question but that the PLRA required the exhaustion of administrative remedies before a prisoner may sue in Federal court.

"What is less clear is whether it falls to the prisoner to plead and demonstrate exhaustion in the complaint, or to the defendant to raise lack of exhaustion as an affirmative defense." Id. at 919. In Jones, the United States Court of Appeals for the Sixth Circuit had issued rules requiring a prisoner litigant to plead the affirmative, that he or she had satisfied the exhaustion requirements of the PLRA, before filing a complaint in Federal district court. The Court in Jones held that "[t]he Sixth Circuit's rules are not required by the PLRA, and crafting and imposing such rules exceeds the proper limits of the judicial role." Id. at 912.

The Supreme Court in Jones resolved the controversy between various circuit courts involving the exhaustion requirement, and held that an exhaustion argument is an affirmative defense. The Court reversed and remanded the Sixth Circuit's decision, with instructions for the court below to consider the exhaustion defense upon its merits. See id. at 923 ("We leave it to the court below in the first instance to determine the sufficiency of the exhaustion in these cases").

Here, defendant did not plead exhaustion as an affirmative defense, but, rather, relied upon the jurisdictional nature of

the exhaustion requirement. To the extent that an exhaustion requirement is jurisdictional, it cannot be waived, see Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1577 (Fed. Cir. 1988)(jurisdictional defect cannot be waived), and the parties cannot create jurisdiction in this Court by agreement or waiver. To the extent that it is not jurisdictional, it can be waived. Blueport Co., LLP v. United States, 76 Fed. Cl. 702, 712 (2007). However, waiver is not effective absent unfair surprise or prejudice. First Annapolis Bancorp, Inc. v. United States, 75 Fed. Cl. 280, 288 (2007).

III. Because Of The Potential Prejudice That Could Result If The Court Considered Our Fact-Based Exhaustion Argument At This Point In The Proceedings, We Will Not Pursue Our Exhaustion Argument Here

Because the trial in this matter is scheduled to take place within one week, and because our fact-based exhaustion argument would require testimony from both parties' witnesses, who would also testify upon the merits of this case, it would be practical to proceed with the trial as scheduled. Otherwise, were the Court to consider our exhaustion argument, and perhaps subsequently stay proceedings in this case to allow the Air Force to decide Spectrum's claim, the parties would be denied an outcome to this case for an indefinite period of time. Indeed, it is not clear how long the Air Force would take to decide Spectrum's claim, or whether Spectrum would appeal any adverse

decision to this Court. Moreover, Spectrum's second claim, that the Air Force disseminated proprietary information that was contained in its unsolicited proposal, is not affected by our exhaustion argument. Because of the possible prejudice that might result were the Court to consider our jurisdictional argument at this time, we will not pursue our exhaustion argument here.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0333
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

CHUN-I CHIANG
Department of the Air Force
Air Force Legal Operations Agency
1501 Wilson Blvd.
Suite 606
Arlington, VA 22209

NOVEMBER 6, 2007

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on NOVEMBER 6, 2007, a copy of "DEFENDANT'S MEMORANDUM CONCERNING EXHAUSTION OF ADMINISTRATIVE REMEDIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

/s/ Lauren S. Moore